## COMMONWEALTH *versus* GEORGE WALTON.

A prisoner indicted for a capital crime is entitled to be furnished with a list of the witnesses examined before the grand jury, but not of those which the counsel for the government purpose to examine at the trial.

A member of the legislature is entitled to be excused from serving on a jury while the legislature is in session.

WALTON was indicted capitally for highway robbery. *Cleveland*, of counsel for the prisoner, stated that he had received from the prosecuting officer a list of the witnesses examined before the grand jury, but he moved that he might also be furnished with the names of those who were to be examined on the part of the government, on the trial. *Austin*, Attorney General, resisted the motion, so far as the claim was made as a matter of right. He remarked that, in general, a compliance with such a demand would be impracticable, inasmuch as the prosecuting officer must be governed by circumstances at the trial, in determining what witnesses he will examine, and he may omit to call some whom he purposed to examine, and introduce others whose testimony was supposed by him to be unnecessary or had not previously been made known to him. The *Court* said the prisoner was entitled to a list of the witnesses examined before the grand jury, (*Commonwealth* v. *Knapp*, 9 Pick. 496,) but the practice had not gone beyond that; and it would be attended with inconvenience to require more.

Joshua Spear, who had been summoned as a juror, requested to be excused from serving, on the ground that he was a member of the legislature, which was now in session ; and the *Court* said that although this was not enumerated among the exemptions in the statute, yet that on general principles they thought it a sufficient reason for excusing the juror.